# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE IDAHO REPUBLICAN PARTY, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BEN YSURSA, in his Official Capacity as Secretary of State of the State of Idaho, <br><br> Defendants. | Case No. 1:08-cv-00165-BLW |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS-INTERVENORS

### INTRODUCTION

This memorandum of law is submitted in support of a motion to intervene as defendants-intervenors in this litigation. The proposed intervenors are ten Idaho voters who self-identify as independents and have not and do not wish to affiliate with a political party. In addition, intervention is sought by two organizations that represent the interests of independent voters: the American Independent Movement of Idaho, LLC ("AIM") and the Committee for a Unified Independent Party, Inc. ("CUIP").

The relevant facts are set forth in the moving declarations and will not be repeated here.

### INTERVENTION SHOULD BE GRANTED

1.  <u>It should be granted as of right.</u>  The standard is set forth in F.R.C.P. Rule 24(a) which requires the court to grant intervention to anyone who, *inter alia*:

    > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The individuals seeking intervention meet this test.  As Idaho voters they surely have an interest in the transaction that is the subject of this action.  The action is, after all, about the terms and conditions under which persons can vote in a primary election.  Now they are permitted to do so.  If the plaintiffs are successful they may be deprived of that right unless they register into a political party which they do not desire to do.  In that respect, disposing of the action will impair the proposed defendants-intervenors ability to protect their interest.

As for the last criteria, "unless existing parties adequately represent that interest," the proposed defendants-intervenors submit that they do not.  Plaintiffs, of course, seek to limit their voting rights.  As for defendant Ysursa, the Idaho Secretary of State, he will, no doubt, effectively articulate the interests of the State of Idaho in the current system of non-partisan registration and open primaries.  However, he cannot reasonably be expected to articulate the particular interest that independents have in the litigation.  The interest of the State of Idaho is not the same as the interests of independent voters, although in the instant litigation both seek to deny plaintiffs the relief they seek.  It is the job of the Secretary of State (and his representative, the Attorney General) to uphold the laws of Idaho against constitutional challenge.  In so doing, they are required to articulate the interest of the state in the legislation being defended.  *See, e.g. Washington State Grange v. Washington State Republican Party*, 128 S.Ct. 1184, 1195 (2008).  For independents the question is more personal and more immediate; the outcome of this litigation will determine whether or not they can continue to fully participate in the electoral process without declaring themselves to be something that they are not, that is, a Republican or a Democrat.

Admittedly, the application to intervene by AIM and CUIP fits less comfortably into the statutory matrix.  However, it is important to bear in mind that these organizations speak for the

interests of independents in Idaho and nationally.  This litigation impacts directly on all independent voters in Idaho and indirectly on independents across the country.  This case is one of a number of efforts by the major parties to restrict participation in their primaries.  *See*, *California Democratic Party v. Jones*, 530 U.S. 567 (2000); *Mississippi Democratic Party v. Barbour*, WL 2190855 (5th Cir. 2008); *Miller v. Brown*, 503 F.3d 360 (4th Cir. 2007).  The statewide and national perspective AIM and CUIP bring to this litigation will ensure that the interests of independents are presented in the clearest and broadest possible manner.  Further, given that independents are not members of a party, it would be unfair to allow the Republican Party to represent the interest of Republicans in this litigation, but deny independents organizational representation.

There is precedent for allowing such organizations to intervene.  In *Johnson v. Mortham*, 915 F.Supp. 1529, 1538-39 (N.D.Fla., 1995), a reapportionment case, the NAACP was allowed to intervene under Rule 24(b) governing permissive intervention because it represented the interests of voters in the district in question.  Intervention as of right was denied because, while the NAACP had a "protectable legal interest in the litigation," it had not demonstrated that existing representation of that interest was inadequate.  The proposed defendants-intervenors in the case at bar have done so as set forth above.

In *Johnson*, of course, the affected votes (those residing in the relevant district) were allowed to intervene as of right.  915 F. Supp. at 1536.  This is in accord with *Georgia v. Ashcroft*, 539 U.S. 461, 476 (2003) and *Carter v. Dies,* 321 F. Supp. 1358, 1360 (D.C. Texas 1970), *aff'd without reference to intervention issue, Bullock v. Carter,* 405 U.S. 134 (1972).  In *Georgia v. Ashcroft* the intervenors were voters affected by a redistricting plan, and, in *Carter v,*

*Dies*, they were voters who wanted to vote for a particular candidate who was suing to overturn a ballot access restriction.

  2. <u>Alternatively, permissive intervention should be granted.</u>  Intervention may be permitted, under F.R.C.P. Rule 24(b)(1), to anyone who, *inter alia:*

> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

As the proposed answer submitted herewith makes clear, the claims and defenses asserted by the proposed defendants-intervenors grow directly out of the factual underpinnings of the main action: the existing non-partisan registration/open primary system in Idaho; and the actions taken by the Idaho Republican Party to challenge it.  There are as well, common questions of law, namely, what deference the State of Idaho and, ultimately, this Court has to give to the assertion by the Republican Party that its constitutional rights demand a change in the Idaho system.

  Of significance in considering the question of intervention by both the individual voters and the organizations, is the new, but growing, phenomena, of significant numbers of Americans self-identifying as independents, 40 percent of voters and the pivotal role they played in the recent presidential primaries.  (See declaration of Jacqueline Salit, paras. 9-12, submitted herewith.)  Since this lawsuit directly intersects these voters and their participation in the primary process, it is important that the Court have available to it the most developed points of view on questions concerning independents, their interest, and their role in the political process.  It is respectfully submitted that the proposed defendants-intervenors are in a position to provide this.

DATED this 1st day of July, 2008.

/s/ Gary G. Allen
GARY G. ALLEN (Idaho SB # 4366)
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: 208-388-1200
Facsimile: 208-388-1300
Email: GaryAllen@givenspursley.com
S:\CLIENTS\Mem in Supp of Mot to Intervene.doc

/s/ Harry Kresky
HARRY KRESKY
LAW OFFICE OF HARRY KRESKY
250 W. 57th Street, Ste. 2017
New York, NY  10107
Telephone:  212-581-1516
Facsimile:  212-581-1352

Attorneys for Defendants-Intervenors THE
COMMITTEE FOR A UNITED INDEPENDENT
PARTY, INC.; the AMERICAN INDEPENDENT
MOVEMENT OF IDAHO; its Chairman MITCH
CAMPBELL; JOHN HAIGHT; CALVIN LEMAN;
ANDREW LOGSDON; BARBARA NELSON;
LAUNA NOBLE; LaMAR ORTON; JASON
RAMSEY; BOYD STOKES; LAURA PIKE
CAMPBELL and JOSEPH BRITTON

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of July, 2008, I submitted this foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

| | |
|---|---|
| John Eric Sutton | jesutton@jesutton.com |
| Charles Crawford Crafts | idaholitigator@yahoo.com |

/s/ Gary G. Allen
Gary G. Allen