IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE IDAHO REPUBLICAN PARTY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>BEN YSURSA, in his Official Capacity as Secretary of State of the State of Idaho,<br><br>　　　　　Defendants.<br><br>THE COMMITTEE FOR A UNITED INDEPENDENT PARTY, INC.; the AMERICAN INDEPENDENT MOVEMENT OF IDAHO; its Chairman MITCH CAMPBELL; JOHN HAIGHT; CALVIN LEMAN; ANDREW LOGSDON; BARBARA NELSON; LAUNA NOBLE; LaMAR ORTON; JASON RAMSEY; BOYD STOKES; LAURA PIKE CAMPBELL and JOSEPH BRITTON,<br><br>　　　　　Defendants-Intervenors. | 1:08-cv-00165-BLW |

### PROPOSED ANSWER OF PROPOSED DEFENDANTS-INTERVENORS

Defendants-Intervenors make the following answer to the complaint, the numbering of which corresponds to the numbering of the complaint.

　　1.　　This is in the nature of an assertion of plaintiffs' objectives that defendants-intervenors are not required to admit or deny.

　　2.　　Defendants-Intervenors do not agree with plaintiffs' statement of the applicable legal principles. On that basis, the allegations are denied.

　　3.　　Defendants-Intervenors are not in a position to respond to what plaintiffs maintain are the legal and practical constraints to which they are subject. On that basis, the allegations are denied.

  4.  Defendants-Intervenors admit the Court has jurisdiction.

  5.  Defendants-Intervenors admit that venue is proper.

  6.  Defendants-Intervenors admit the Court has jurisdiction.

  7.  Defendants-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7. On that basis, the allegations are denied.

  8.  Admitted.

  9.  Admitted.

  10.  Admitted.

  11.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11. On that basis, the allegations are denied.

  12.  Admitted.

  13.  Admitted.

  14.  Paragraph 14 of the Complaint is a statement of Plaintiff's position on Idaho law which Defendant-Intervenors are not required to address at this time.

  15.  Paragraph 15 of the Complaint is a statement of Plaintiff's position on Idaho law which Defendant-Intervenors are not required to address at this time.

  16.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16. On that basis, the allegations are denied.

  17.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17. On that basis, the allegations are denied.

18.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18.  On that basis, the allegations are denied.

19.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.  On that basis, the allegations are denied.

20.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20.  On that basis, the allegations are denied.

21.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21.  On that basis, the allegations are denied.

22.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22.  On that basis, the allegations are denied.

23.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23.  On that basis, the allegations are denied.

24.     Denied.

25.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the nature of the Closed Republican Party Primary Rule.  On that basis, the allegations are denied.  It is admitted that Idaho election laws require open primaries that do not require voter party registration.

26.     Admitted.

27. Defendants-Intervenors admit only that Idaho Election law requires all ballot status political parties operating in the State of Idaho to select its nominees from open primaries in which any qualified voter may participate. Defendants-Intervenors deny knowledge or information sufficient to form a belief as to the other allegations in this paragraph. On this basis, these allegations are denied.

28. Admitted.

29. Defendants-Intervenors admit only that Idaho Election law requires all ballot status political parties operating in the State of Idaho to select its nominees from open primaries in which any qualified voter may participate. Defendants-Intervenors deny knowledge or information sufficient to form a belief as to the other allegations in this paragraph. On this basis, these allegations are denied.

30. Defendants-Intervenors admit only that Idaho Election law requires all ballot status political parties operating in the State of Idaho to select its nominees from open primaries in which any qualified voter may participate. Defendants-Intervenors deny knowledge or information sufficient to form a belief as to the other allegations in this paragraph. On this basis, these allegations are denied.

31. Defendants-Intervenors admit only that Idaho Election law requires all ballot status political parties operating in the State of Idaho to select its nominees from open primaries in which any qualified voter may participate. Defendants-Intervenors deny knowledge or information sufficient to form a belief as to the other allegations in this paragraph. On this basis, these allegations are denied.

32. Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32. On this basis, these allegations are denied.

33. Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33. On this basis, these allegations are denied.

34. Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34. On this basis, these allegations are denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## AS TO PLAINTIFFS' CLAIMS FOR RELIEF

## COUNT I

41. Defendant-Intervenors answer and incorporate by reference the responses to paragraphs 1-40, inclusive, as though set forth herein in full.

42-45. Defendant-Intervenors do not believe Plaintiff Idaho Republican Party is entitled to relief for the following reasons:

(A) The Idaho Republican Party has no right to force the State of Idaho to require voters to enroll in a political party or declare themselves non-aligned. Some courts have recognized the right of political parties to provide some mechanism for rejecting voters who express no sympathy with the party or its principles (*Miller v. Brown*, 503 F.3d 360 (4th Cir. 2007). The relief sought by plaintiffs herein goes well beyond that. Further, at least one Court has declined to grant relief of any sort to a party that had failed to demonstrate actual injury from

the system in place in a particular state. M*ississippi Democratic Party v. Barbour*, WL 2190855 (5th Cir. 2008).

   (B) Defendants-Intervenors note that the *Miller* decision, and the limited relief it granted, is not binding on this Court. They do not believe that Idaho or any other state is legally required to assist the parties in restricting the access of otherwise qualified voters to vote in their primaries.

 46. Denied.

## COUNT II

 47. Defendants-intervenors incorporate by reference their previous responses to paragraphs 1-46 as if fully set forth herein.

 48. Denied.

 49. Denied.

 50. Denied.

 51 Denied.

 52. Denied.

## AFFIRMATIVE STATEMENT OF DEFENDANTS-INTERVENORS

Defendants-Intervenors, independent voters, have no desire to enroll in or otherwise identify with any political party.  As citizens of Idaho, Defendants-Intervenors have a right to vote for the candidate of their choice in all primaries and general elections.  The relief sought by Plaintiffs would infringe on Defendants-Intervenors' First Amendment rights, including freedom of political association, freedom of non-association and freedom from forced association.  As independents, Defendants-Intervenors have a right not to affiliate with a political party and not to be penalized by their failure to do so.  In a state so heavily dominated by one political party,

Defendants-Intervenors fear retaliation if, under a system of party registration, they fail to declare themselves as members of the Idaho Republican Party.

## PRAYER FOR RELIEF

WHEREFORE, individual Defendants respectfully request the following relief:

(1) that Plaintiff's Complaint be dismissed, with prejudice,

(2) that judgment be entered in their favor,

(3) that they be awarded costs and attorneys' fees pursuant to U.S.C. § 1988, Idaho Code Section 12-121 and other applicable authority; and

(4) such other and further relief as this Court deems just and proper.

DATED this 1st day of July, 2008.

/s/ Gary G. Allen
GARY G. ALLEN (Idaho SB # 4366)
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: 208-388-1200
Facsimile: 208-388-1300
Email: GaryAllen@givenspursley.com
S:\CLIENTS\Proposed Answer.doc

/s/ Harry Kresky
HARRY KRESKY
LAW OFFICE OF HARRY KRESKY
250 W. 57th Street, Ste. 2017
New York, NY 10107
Telephone: 212-581-1516
Facsimile: 212-581-1352

Attorneys for Defendants-Intervenors THE COMMITTEE FOR A UNITED INDEPENDENT PARTY, INC.; the AMERICAN INDEPENDENT MOVEMENT OF IDAHO; its Chairman MITCH CAMPBELL; JOHN HAIGHT; CALVIN LEMAN; ANDREW LOGSDON; BARBARA NELSON; LAUNA NOBLE; LaMAR ORTON; JASON RAMSEY; BOYD STOKES; LAURA PIKE CAMPBELL and JOSEPH BRITTON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of July, 2008, I submitted this foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

| | |
|---|---|
| John Eric Sutton | jesutton@jesutton.com |
| Charles Crawford Crafts | idaholitigator@yahoo.com |

/s/ Gary G. Allen
Gary G. Allen