LAWRENCE G. WASDEN
ATTORNEY GENERAL

BRIAN KANE (ISB No. 6264)
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN (ISB NO. 3586)
Chief of Civil Litigation Division

MICHAEL S. GILMORE (ISB NO. 1625)
KARIN D. JONES (ISB NO. 6846)
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
650 West State Street, Lower Level
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-4130
Fax:  (208) 854-8073
mike.gilmore@ag.idaho.gov
karin.jones@ag.idaho.gov

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| THE IDAHO REPUBLICAN PARTY, its EXECUTIVE COMMITTEE, its STATE CENTRAL COMMITTEE, and CHAIRMAN, EXECUTIVE DIRECTOR; SIDNEY C. SMITH, <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>BEN YSURSA, In his Official Capacity as Secretary of State of the State of Idaho, <br><br>　　　　　Defendant. | Case No. 1:08-CV-00165-BLW <br><br> **DEFENDANT BEN YSURSA'S ANSWER TO COMPLAINT** |

Defendant Ben Ysursa, in his official capacity as the Secretary of State of the State of Idaho ("Defendant"), by and through one of his attorneys of record, Michael S. Gilmore, Deputy Attorney General, and answers and responds to Plaintiffs' Complaint as follows:

Defendant denies each and every allegation in the Complaint except those specifically admitted herein. With respect to the specific allegations in the Complaint, Defendant admits, denies, and alleges as follows:

1. The allegations in Paragraph 1 of the Complaint are legal assertions to which no response by Defendant is required. Defendant specifically denies that Plaintiffs are entitled to the relief in Paragraph 1.

2. The allegations in Paragraph 2 of the Complaint are legal assertions to which no response by Defendant is required.

3. The allegations in Paragraph 3 of the Complaint are legal assertions and statements of Plaintiffs' purpose to which no response by Defendant is required. Defendant admits that the Idaho Code sets forth the procedure for conduct of primary elections and for remedies available with respect to the May 2008 Idaho Republican Primary, which has already taken place. Defendant affirmatively asserts that the Idaho Republican party did not file a contest or challenge to the results of the May 2008 primary, the statute of limitations for contests or challenges to that May 2008 primary has run, and Plaintiffs have waived any right to contest or challenge the May 2008 primary. Defendant specifically denies that Plaintiffs are entitled to the relief in Paragraph 3.

4. With respect to the allegations in Paragraph 4 of the Complaint, Defendant admits that this Court has jurisdiction over this action and that this case presents a federal question. Defendant admits that 28 U.S.C. §§ 2201 and 2202 provide for declaratory and injunctive relief. Defendant denies that such relief is authorized or warranted in the present case.

5. Defendant admits that venue is proper, as alleged in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of the Complaint are legal assertions to which no response by Defendant is required. If any of the allegations in the second sentence in Paragraph 6 of the Complaint are allegations of fact, Defendant denies such allegations.

7. Defendant lacks sufficient information or knowledge to admit the allegations in Paragraph 7 of the Complaint and therefore denies such allegations. Additionally, Defendant notes that the Republican Party is "qualified" under Chapter 5, Title 34, Idaho Code, not "established" under Title 34, Idaho Code.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. To the extent the allegations in Paragraphs 9, 10, and 11 of the Complaint are consistent with the statutory duties of the Secretary of State, Defendant admits the allegations. Otherwise, the allegations are denied. In particular, the Secretary of State has not adopted "rules setting standards for the design, layout and production of the election ballot" as the term "rule" is used in the Idaho Administrative Procedure Act, but the Secretary of State has issued guidelines and directives to assist county officials in the design, layout and production of election ballots.

10. Defendant admits the allegations in the first two sentences in Paragraph 12 of the Complaint and adds that Article 1, § 4 of the United States Constitution expressly grants the States this regulatory authority. With respect to the third sentence in Paragraph 12, it contains legal assertions to which no response by Defendant is required.

11. Defendant admits the allegations in Paragraph 13 of the Complaint.

12. The allegations in Paragraphs 14 and 15 of the Complaint are legal conclusions to which Defendant is not required to respond. If any of the allegations in Paragraphs 14 and 15 of the Complaint are allegations of fact, Defendant denies such allegations.

13.     Regarding the allegations in Paragraphs 16 and 17 of the Complaint, Defendant admits that all of the bills were introduced, all of them would have affected the primary election, and none of them were enacted.  It is irrelevant whether they were considered in committee or by the full House or Senate.

14.     With respect to the allegations in Paragraphs 18 through 21 of the Complaint, Defendant was provided copies of materials quoted in Paragraphs 18 through 21 by a third party in an earlier lawsuit, but lacks personal knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraphs 18 through 21 of the Complaint and therefore denies the same.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 22 and 23 of the Complaint and therefore denies the same.

16.     Defendant denies the allegations in Paragraph 24 of the Complaint.

17.     With respect to the allegations in Paragraph 25 of the Complaint, Defendant admits only that Idaho's election laws do not provide for party registration of voters.  Defendant denies the remainder of the allegations in Paragraph 25.

18.     Defendant admits the allegations in Paragraph 26 of the Complaint, but notes that Idaho law restricts the elector to voting for candidates from one political party only.

19.     With respect to the allegations in Paragraph 27 of the Complaint, Defendant admits only that Idaho law requires that there shall be a single primary election ballot on which the complete ticket of each political party shall be printed and that an elector is restricted to voting for one political party only.  The remainder of the allegations in Paragraph 27 are denied.

20. With respect to the allegations in Paragraph 28 of the Complaint, Defendant denies that he is bound by Idaho law to conduct an "Idaho Republican Party" primary election and therefore denies the allegations in Paragraph 28 of the Complaint.

20. Defendant denies the allegations in Paragraphs 29 through 32 of the Complaint.

21. With respect to the allegations in Paragraph 33 of the Complaint, Defendant admits only that he administers all Idaho Primary Elections as the Chief Election Officer of the State of Idaho. Defendant denies the remainder of the allegations in Paragraph 33.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

23. The allegations in Paragraphs 35 through 52 of the Complaint are legal assertions to which no response by Defendant is required. To the extent that any of the allegations in Paragraphs 35 through 52 of the Complaint are allegations of fact, Defendant denies such allegations.

24. Defendant denies that Plaintiffs are entitled to the relief set forth in the Prayer for Relief of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are not ripe for adjudication.

### THIRD DEFENSE

Article I, § 4 of the United States Constitution authorizes State legislatures to prescribe the time, place, and manner of holding elections.

## FOURTH DEFENSE

Idaho's Election Law does not infringe upon Plaintiffs' rights of association.

## FIFTH DEFENSE

The issues presented in the complaint are political questions.

## SIXTH DEFENSE

The specific injunctive relief sought by Plaintiffs is inappropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1. That Plaintiffs' Complaint against Defendant be dismissed with prejudice and that Plaintiffs take nothing thereunder;

2. That Plaintiffs' requests for injunctive and declaratory relief be denied;

3. That Defendant be awarded his costs, including reasonable attorney's fees, pursuant to Federal Rule of Civil Procedure 54(d) and other applicable law; and

4. For such other and further relief as the Court deems just and equitable.

DATED this 16th day of July, 2008.

*/s/ Michael S. Gilmore*
Michael S. Gilmore
Deputy Attorney General

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2008, I electronically filed the foregoing DEFENDANT BEN YSURSA'S ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Charles Crawford Crafts<br>CRAFTS LAW, INC.<br>200 N. 3rd St., Ste. 3<br>Boise, Idaho 83702<br>idaholitigator@yahoo.com<br>(208)336-4444 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Certified Mail, Return Receipt Requested<br>☐ Overnight Mail<br>☐ Facsimile: _____<br>☒ CM/ECF |
| Gary Allen<br>GIVENS PURSLEY<br>P.O. Box 2720<br>Boise, ID 83701-2720<br>garyallen@givenspursley.com | ☒ U.S. Mail<br>☐ Hand Delivery<br>☐ Certified Mail, Return Receipt Requested<br>☐ Overnight Mail<br>☐ Facsimile: _____<br>☒ CM/ECF |
| Harry Kresky<br>LAW OFFICE OF HARRY KRESKY<br>250 W. 57th Street, Suite 2017<br>New York, NY 10107<br>212-581-1516<br>harrykres@aol.com | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Certified Mail, Return Receipt Requested<br>☐ Overnight Mail<br>☐ Facsimile: _____<br>☒ CM/ECF |

And, I hereby certify that I have mailed by United States Postal Service the foregoing document(s) to the following non-CM/ECF Registered Participant(s).

| | |
|---|---|
| John Sutton<br>JE Sutton & Associates<br>P.O. Box 799<br>Boise, ID 83701<br>208-336-4444 | ☒ U.S. Mail<br>☐ Hand Delivery<br>☐ Certified Mail, Return Receipt Requested<br>☐ Overnight Mail<br>☐ Facsimile: _____ |

                                            */s/ Michael S. Gilmore*
                                            Michael S. Gilmore
                                            Deputy Attorney General