JOHN ERIC SUTTON
J. E. SUTTON & ASSOCIATES
200 N. 3rd St., Ste. 2 & 3
Boise, Idaho 83701
Telephone: (208) 336-4444
Facsimile: (208) 336-4494
ISB # 1891

Attorney for Idaho Republican Party

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO REPUBLICAN PARTY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BEN YSURSA, In his Official Capacity as the Secretary of State of the State of Idaho, <br><br> Defendant. | Case No. 1:08-CV-00165-BLW <br><br> **PLAINTIFF'S RESPONSE TO THE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS-INTERVENORS FILED ON JULY 1, 2008** |

COMES NOW Plaintiff Idaho Republican Party, by and through their counsel of record, John Eric Sutton, and hereby submits this Memorandum in Support of Plaintiff's Motion to Dismiss.

Before the Court is the constitutional question whether under the First and Fourteenth Amendments to the United States Constitution, Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973 and § 1973c, and 42 U.S.C. § 1983 the Idaho Republican Party is entitled to Declaratory and injunctive relief to protect their individual rights and the rights of members to

freely associate for the purpose of selecting Republican Party candidates in Idaho Primary elections.

This is an action to protect these rights of association from imminent and repeated infringement by non-party members and by Idaho state election officials acting under color of the laws of the State of Idaho

Proposed defendant intervenors, 11 independent voters; the American Independent Movement of Idaho, LLC ("AIM") and the Committee for a Unified Independent Party, Inc ("CUIP"), lack standing to bring the claims raised in this motion for intervention.

Intervenors assert they are individuals without party affiliation. However they assert no violation of their constitutional rights by the questions presented by the Republican Party to this Court.

Nor do Intervenors allege any facts in support of a separate claim under 42 U.S.C. § 1973, which prohibits the denial or abridgement of the right to vote on account of race or color, or any facts in support of an independent claim under 42 U.S.C. § 1973c, which prohibits enactment of voting qualifications based upon race or color.

The Voting and Democracy Research Center lists twenty five states: Alaska, Arizona, Colorado, Connecticut, Delaware, Florida, Hawaii, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Nebraska, Nevada, New Mexico, New York, North Carolina, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Wyoming, and the District of Columbia that have closed primary elections[1].

---

[1] Voting and Democracy Research Center- www.fairvote.org –Accessed on 7-23-08.

PLAINTIFF'S RESPONSE TO THE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS-INTERVENORS FILED ON JULY 1, 2008- 2

In *Miller v. Brown*, 503 F.3d 360, (4th Cir. 2007),[2] Judge Wilkins of the Virginia Court of Appeals held that:

> Traditionally, states have been able to shape the details of their own democratic experiment. They could, for example, choose to require party registration eleven months prior to an election, or thirty days prior, or not at all. *See, e.g., Rosario*, 410 U.S. at 760, 93 S.Ct. 1245. By requiring advance registration and restricting primary participation to such voters, states may adopt a model of candidate selection which maximizes the power of a party's core adherents or "base." Base politics has much to commend it. It develops core principles and crystallizes issues, and it can serve to clarify differences and sharpen the edges of partisan debate. And party partisanship is hardly a bad thing; indeed it underlies the vigor and vitality of our political life.

The Idaho Republican Party brings this 12(b)(1) Motion To Dismiss for the following reasons:

1. Intervenors lack standing as they are merely non-affiliated individuals and not members of the Idaho Republican Party;

2. Caselaw clearly indicates that for standing purposes, the Real Party in Interest is the party itself, not non-affiliated individuals; and

3. Standing must be established before these individuals may be granted a motion to intervene.

## INTERVENORS LACK STANDING

In the case of *Beck v. Ysursa*, No. CV 07-299-MHW, 2007 WL 4224051 (D. Idaho. Nov. 27, 2007),[3] the Honorable Mikel H. Williams addressed a very similar issue. In his opinion, he stated that:

---

[2] *Miller v. Brown*, 503 F.3d 360, (4th Cir. 2007).

[3] *Beck v. Ysursa*, No. CV 07-299-MHW, 2007 WL 4224051 (D. Idaho. Nov. 27, 2007).

PLAINTIFF'S RESPONSE TO THE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS-INTERVENORS FILED ON JULY 1, 2008- 3

The party invoking federal jurisdiction bears the burden of proving the three elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Those three elements are proof of an injury in fact that is concrete and particularized, as well as actual or imminent; a causal connection between the injury and the conduct complained of, which injury must be traceable to the defendant's action and not the independent action of a third party not before the court; and it must be likely, as opposed to speculative, that the injury will be addressed by a favorable decision. *Lujan*, 504 U.S. at 560–61.

Closely related to the case or controversy requirement are other limitations on the concept of standing. [Here,] even if the [Intervenors] have alleged an injury sufficient to meet the standards of constitutional standing under *Lujan*, the [Intervenors] must generally "assert [their] own legal rights and interests, and cannot rest [their] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). *See also Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (dismissing a party's case when another party was the real party in interest); Fed. R. Civ. P. 17(a) ("[e]very action shall be prosecuted in the name of the real party in interest.").

[Further, the Court noted] in *California Democratic Party v. Jones*, 530 U.S. 567, 577 (2000), that the Supreme Court held that California's "blanket" primary system violated the Democratic Party's First Amendment right of association. The Democratic Party, as well as three other political party plaintiffs in that case, had each adopted a rule prohibiting persons who are not members of the party from voting in the party's primary election. California voters, however, passed Proposition 198, changing California's primary election law from a "closed" primary in which only persons who are members of the political party could vote on that party's nominee, to a "blanket" primary system entitling any person to vote for any candidate regardless of the candidate's political affiliation.

The California Democratic Party along with three other political parties challenged Proposition 198, and the Court held that it impermissibly infringed upon the parties' associational rights by opening up the candidate selection process, "the basic function of a political party," to persons unaffiliated with the party. *California Democratic Party*, 530 U.S. at 581.

The holding in *California Democratic Party* supports the proposition that the ability to challenge election laws in conflict with the associational rules of a political party is limited to the party itself.

In *California Democratic Party*, <u>individual voters</u> changed California's primary election laws by voting in favor of Proposition 198. Proposition 198 directly conflicted with the primary election rules of the four political parties recognized by the state of California (emphasis added). Despite the overwhelming popular vote endorsing Proposition 198 and therefore changing California's primary election from a closed to a blanket primary, the rules of the four political party plaintiffs prohibiting blanket primaries were found to override its individual members' interests.

PLAINTIFF'S RESPONSE TO THE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS-INTERVENORS FILED ON JULY 1, 2008- 4

It stands to reason therefore that if individual party members and voters cannot pass laws abridging a political party's associational rules, then they cannot litigate in their individual capacities to change a state's primary voting laws in conflict with those rules.

Two decisions subsequent to *California Democratic Party* have decided the precise issue before the Court and have held that individual party members lack standing to challenge a state's regulation of a political party's primary. These decisions are persuasive here. In *Osborn v. Cox*, 369 F.3d 1283 (11th Cir. 2004), five registered voters challenged Georgia's open primary election law asserting a claim under the First Amendment. On appeal, the court affirmed the decision that standing to challenge a state's regulation of a political party's primary belongs only to the party itself, and upheld the dismissal of the plaintiffs' complaint for lack of standing. *Osborn*, 369 F.3d at 1287–88. The court noted that in all similar cases, the Supreme Court has upheld a political party's right to decide who would be involved in the decision making process, and denied the ability of individual members of the political party to define those rights. *Osborn*, 369 F.3d at 1287.

Similarly, in an unpublished decision, *Righeimer v. Jones*, No. CIV. S-00-1522, 2000 WL 1346808 at *2 (E.D. Cal. Sept. 14, 2000), the court relied upon *California Democratic Party* and held that an individual party nominee challenging the election results of California's blanket primary did not have standing. The court explained that the First Amendment associational rights at issue "belong solely to the association, . . . the Republican Party, not to any individual candidate or voter." *Righeimer*, 2000 WL 1346808 at *1. The court also noted that even if the state's election laws violated the associational rules of the party, the party had the ability to define its own remedy. *Righeimer* at *1. For example, if the party had adopted a closed party primary rule while the state permitted a blanket primary, the party could voluntarily choose to participate in the blanket primary and adopt the results, or adopt rules deciding who the party's nominees were following a blanket primary by counting only the votes of registered party members.

Where it has been held that affiliated individual members of the Republican Party do not have standing, it follows that unaffiliated individuals are also without standing to speak for the Idaho State Republican Party.

Here, Intervenors lack standing to challenge Idaho's open primary election laws, and as the Honorable Mikel H. Williams further stated in *Beck*[4]:

> [O]nly the Idaho Republican Party possesses that right. The Idaho Republican Party submits that it may decide, as in *Righeimer*, to adopt rules implementing its closed

---

[4] *Id.*

primary rule in spite of Idaho's open primary election laws. (See *Bighorn* 7 at *2 noting that the California Republican Party Bylaws decided who the party's true nominees were following a blanket primary). It is for the Idaho Republican Party...to decide how best to govern the associational rights of its members, and [the present Intervenors lack standing] to substitute their judgment for that of the Party.

The Intervenors in the current case do not raise new or separate constitutional questions. They neither speak for the Republican Party nor the Secretary of State, nor do proposed Intervenors have anything to add to this action.

U.S. Chief Magistrate Mikel H. Williams' opinion continues to be dispositive of proposed intervenors standing and therefore their motion to intervene should be dismissed as a matter of law.

Dated this 25th of July, 2008.

_____
John Eric Sutton

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July, 2008, I served a true and correct copy of the foregoing Plaintiff Idaho Republican Party's MOTION TO DISMISS MOTION FOR INTERVENTION AS DEFENDANTS-INTERVENORS upon the following:

Lawrence G. Wasden
Attorney General
OFFICE OF THE ATTORNEY GENERAL
650 W. State Street
P.O. Box 83720
Boise, ID 83720-0010

_____ U.S. Mail
_____ Hand Delivery
_____ Certified Mail
_____ Overnight Mail
_____ Facsimile
__X__ CM/ECF

Brian P. Kane
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
650 W. State Street
P.O. Box 83720
Boise, ID 83720-0010

_____ U.S. Mail
_____ Hand Delivery
_____ Certified Mail
_____ Overnight Mail
_____ Facsimile
__X__ CM/ECF

Gary Allen
GIVENS PURSLEY
P.O. Box 2720
Boise, ID 83701-2720

_____ U.S. Mail
_____ Hand Delivery
_____ Certified Mail
_____ Overnight Mail
_____ Facsimile
__X__ CM/ECF

Harry Kresky
LAW OFFICES OF HARRY KRESKY
250 W. 57th Street, Suite 2017
New York, NY 10107
(212)581-1516

_____ U.S. Mail
_____ Hand Delivery
_____ Certified Mail
_____ Overnight Mail
_____ Facsimile
__X__ CM/ECF

/s/ John Eric Sutton
John Eric Sutton