IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| THE IDAHO REPUBLICAN PARTY, *et al.*, | Case No. 1:08-cv-00165-BLW |
|---|---|
| Plaintiffs, | |
| vs. | |
| BEN YSURSA, in his Official Capacity as Secretary of State of the State of Idaho, | |
| Defendants. | |

**MEMORANDUM OF LAW IN REPLY
TO PLAINTIFFS' RESPONSE TO MOTION
TO INTERVENE AND IN OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS MOTION TO INTERVENE**

**INTRODUCTION**

Proposed Defendants-Intervenors submit this memorandum of law in reply to Plaintiffs' response and in opposition to Plaintiffs' "Motion to Dismiss Motion for Intervention as Defendants-Intervenors."

**ARGUMENT**

**I.    PLAINTIFFS FAIL TO ADDRESS THE LAW GOVERNING INTERVENTION**

Plaintiffs rest their opposition to the motion of proposed Defendants-Intervenors on the proposition that they lack standing to act as plaintiffs in this or some other lawsuit seeking to overturn Idaho's open primary laws. The intervenors are not plaintiffs, indeed they do not even seek to intervene as plaintiffs. Rather they move to intervene as defendants-intervenors to defend, not challenge Idaho's current electoral arrangement. Therefore, Plaintiffs' reliance on *Beck v. Ysursa,* No. CV 07-299-MHW, 2007 WL4224051 (D. Idaho 2007) is misplaced. There, the issue was whether or not individual members of the Republican Party could assert the right

of the Party to escape the application of Idaho's laws governing primary elections.[1]  Here, proposed Defendants-Intervenors seek to join in the defense of those very laws and assert, *inter alia*, that the imposition of partisan registration and closed primaries would deprive them of the opportunity to participate in the critical first round of voting in which the candidates who appear on the general election ballot are chosen.[2]

The legitimacy of proposed Intervenors' status under Federal Rule 24, ignored by Plaintiffs, is addressed in the moving papers and will not be repeated here.

## II. PROPOSED INTERVENORS WOULD HAVE STANDING TO CHALLENGE A VOTING SYSTEM THAT EXCLUDES THEM.

A case in point is *Nader v. Schaffer*, 417 F. Supp. 837 (D. CT 1976), *aff'd no op.*, 429 U.S. 989 (1976).  There, two Connecticut voters brought an action pursuant to 42 U.S.C. Sec. 1983 challenging the State's closed primary laws, contending that they violated their rights to freedom of association and equal protection by barring them from participating in primaries unless they enrolled in a political party.  While the Court rejected plaintiffs' argument on the merits, it recognized their standing to make this claim.  Proposed Defendants-Intervenors have standing to make their case that an attack on Idaho's open primary laws, that allow them to participate, can be defended against by them on the grounds that the relief sought by Plaintiffs would deprive them of their present right to participate in the electoral process.

---

[1] Their reliance on *Beck, supra,* leads plaintiffs to make such statements as "the Real Party in interest is the party itself, not non-affiliated voters." (Response, p. 3) Perhaps this insistence on the separation between the Party and the voters explains why the leadership of the Idaho Republican Party is pursuing this litigation despite the fact that the delegates at its recent state convention voted in support of open primaries.  "Open Primaries Respect Idahoans' Independence," *Idaho Statesman*, June 17, 2008.

[2] Indeed, on p. 5 of their response, plaintiffs, misconstruing proposed intervenors' position, assert "Here intervenors lack standing to challenge Idaho's open primary laws…"

Voters are typically accorded standing in lawsuits challenging restrictive ballot access laws. *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983); *New York State Bd. of Elections v. Lopez Torres*, 128 S.Ct. 791, 797 (2008). In *Gray v. Sanders,* 372 U.S. 368, 375 (1963), the Supreme Court stated,

> We also agree that appellee, like any person whose right to vote is impaired (Smith v. Allwright, supra; *Baker v. Carr, supra*, 369 U.S. pp. 204-208, 82 S.Ct. pp. 703-705), has standing to sue.

*See also*, *Board of Estimate of City of New York v. Morris*, 489 U.S. 688, 690-91 (1989); *Harper v. Virginia State Bd. of Elections*, 383 U.S. 663, 664 (1966).

In such suits, as here, the Court must balance the interests asserted by the various parties. For plaintiffs, it is the right of the Republican Party to control participation in its primaries. For the defendant, it is the right of the State of Idaho to organize elections as it sees fit. For proposed Defendants-Intervenors, it is the right now conferred upon them by the State to full participation. The assertion that the loss of this right at the behest of Plaintiffs, the laws of the State of Idaho notwithstanding, does not and cannot injure them by curtailing their participation in the political process, lacks merit. Thus, in *Bush v. Gore*, 531 U.S. 98, 104 (2000), the Supreme Court stated:

> History has now favored the voter, and in each of the several States the citizens themselves vote for Presidential electors. When the state legislature vests the right to vote for President in its people, the right to vote as the legislature has prescribed is fundamental; and one source of its fundamental nature lies in the equal weight accorded to each vote and the equal dignity owed to each voter.

# CONCLUSION

For all of the above reasons, the motion of proposed Defendants-Intervenors should be granted, and that of Plaintiffs to dismiss the motion to intervene should be denied.

DATED this 8th day of August, 2008.

/s/ Gary G. Allen
GARY G. ALLEN (Idaho SB # 4366)
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: 208-388-1200
Facsimile: 208-388-1300
Email: GaryAllen@givenspursley.com
S:\CLIENTS\10240\1\Mem in Reply to Response to Mot to Intervene.doc

/s/ Harry Kresky
HARRY KRESKY
LAW OFFICE OF HARRY KRESKY
250 W. 57th Street, Ste. 2017
New York, NY 10107
Telephone: 212-581-1516
Facsimile: 212-581-1352

Attorneys for Defendants-Intervenors THE COMMITTEE FOR A UNIFIED INDEPENDENT PARTY, INC.; the AMERICAN INDEPENDENT MOVEMENT OF IDAHO; its Chairman MITCH CAMPBELL; JOHN HAIGHT; CALVIN LEMAN; ANDREW LOGSDON; BARBARA NELSON; LAUNA NOBLE; LaMAR ORTON; JASON RAMSEY; BOYD STOKES; LAURA PIKE CAMPBELL and JOSEPH BRITTON

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of August, 2008, I submitted this foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

| | |
|---|---|
| John Eric Sutton | jesutton@jesutton.com |
| Mike Gilmore | mike.gilmore@ag.idaho.gov |

/s/ Gary G. Allen
Gary G. Allen