JOHN ERIC SUTTON
**J.E. SUTTON & ASSOCIATES**
Attorneys at Law
200 N. 3rd Street, Ste. 2 & 3
P.O. Box 799
Boise, ID 83701
(208) 336-4494 Fascimile
(208) 336-4444 Telephone
ISB # 1891

IN THE UNITED STATES DISCTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE IDAHO REPUBLICAN PARTY, *et al.*, | Case No. 1:08-cv-00165-BLW |
| Plaintiffs | **PLAINTIFF'S SUR-REPLY TO THE DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE AND IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS MOTION TO INTERVENE** |
| vs. | |
| BEN YSURSA, in his Official Capacity as Secretary of State of the State of Idaho, | |
| Defendants. | |

COMES NOW Plaintiff Idaho Republican Party, by and through their counsel of record, John Eric Sutton, and hereby submits this Memorandum in reply to Defendants' opposition to Plaintiffs' Motion to Dismiss.

The proposed Intervenors' seminal case, *Nader v. Schaffer*, 417 F. Supp. 837 (D. Ct 1976), aff'd no op., 429 U.S. 989 (1976), cited in their Memorandum of Law in Opposition to Plaintiffs' Motion to Dismiss for lack of standing is silent on the issue of standing. The issue of standing was not discussed or addressed anywhere in the opinion rendered for that case by Circuit Judge Robert P. Anderson. It is not clear from that Memorandum of Decision if a motion to dismiss on the grounds of standing was addressed earlier in the case proceedings. However, we would point out

that the three-judge court in that case, did not explicitly provide the standing sought by the proposed Intervenors in this case.

If Defendants in that case never raised standing as grounds for a motion to dismiss, but rather chose to argue for a dismissal of the case on the merits, then standing would not have been considered by the court, especially if that court that was eager to implement binding case law on the issue as precedent.

On a careful reading of the opinion in *Nader v. Schaffer*, one can conclude that the court did agree that, for a variety of reasons, attempts on the part of individuals to force political party primary elections to be open, all non-party voters would violate that Party's Constitutional rights of association.

The proposed Intervenors in this case seek to deny the Idaho Republican Party (hereinafter IRP) the ability to associate with only IRP members in the IRP primary election. The proposed Intervenors do not have standing to direct the manner in which the IRP conducts only its party's primary elections.

While we agree that the Primary Election process is subject to the same Consitutional standard of equality under the law as the General Election process, however considerations regarding party association, affiliation and loyalty are legitimate interests in each party's Primary election process. For example, if the Idaho Republican Party were to discriminate on the basis of race, religion, ethnicity then the courts and or the legislature could intervene, imposing laws to dictate the conduct of our nomination process to be in compliance with the Constitution.

The proposed Intervenors' claim their rights to participate in the election process would be affected by a decision in favor of the Plaintiffs. It is worth noting that in every case cited by the

proposed Intervenors, the cases were either resolved in the political party's favor, or the case had to do with concerns over General Election procedure.

Therefore, we argue that case law overwhelmingly favors political parties, when it comes to determining their nominees in their Primary voting process. Many states have closed primaries, and the constitutional arguments of infringement, such as those made by the proposed Intervenors in the current case, have not stood against the constitutional rights of association, that political parties enjoy under the U.S. Constitution. Without satisfying the burden of proving harm, and citing valid case law that supports their claim in a context that parallels this case, the Motion to Intervene should be dismissed.

Proposed Intervenors' raised Federal Rule of Civil Procedure 24 as grounds for intervention in this case. Interestingly, the proposed Intervenors have engaged in selective interpretation in their reading of that rule. Rule 24 also states that attempts to intervene by motion should be denied if the interest at risk is represented adequately by persons already party to the action. The Defendant in this case is Idaho Secretary of State, the state's Chief Elections Official and represented by the State of Idaho Attorney General's Office. If the Defendant prevails in this case, the proposed Intervenors would win the relief they seek without the need for intervention. The objective of the proposed Intervenors are the same as the Defendants'; to keep the Primary Elections of the IRP open as blanket elections, instead of closed to registered IRP members. The interests of the parties are shared and the Defendant in this case is adequately represented by counsel that serves the people of Idaho.

Federal Rule 24 also states that potential intervenors must satisfy requirements of standing, just as a party would, in accordance with local precedent.

Furthermore, in the *Nader v. Schaffer* case, to prevent additional parties from joining the case, escalating it to a possible class action lawsuit, counsel for the Defendant, Secretary of State for the State of Connecticut, stipulated that if Plaintiffs' won their case, the relief sought in the form of an injunction to force the party's primary elections open would be implemented and applicable to all residents for the State of Connecticut. We argue that the same scenario applies in this case.

In conclusion, the proposed Intervenors in the current case do not raise new or separate constitutional questions. The proposed Intervenors bring nothing new to the table in this case, their interests are adequately represented by the existing parties, and the relief they seek will be awarded to all Idahoans should the Defendant prevail in this case, even without intervention.

Dated this 13th of August, 2008.

_____
John Eric Sutton

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August, 2008, I served a true and correct copy of the foregoing Plaintiff Idaho Republican Party's SUR-REPLY TO THE DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE AND IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS MOTION TO INTERVENE upon the following:

| | |
|---|---|
| Lawrence G. Wasden<br>Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>650 W. State Street<br>P.O. Box 83720<br>Boise, ID 83720-0010 | ____ U.S. Mail<br>____ Hand Delivery<br>____ Certified Mail<br>____ Overnight Mail<br>____ Facsimile<br>_✓_ CM/ECF |
| Brian P. Kane<br>Deputy Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>650 W. State Street<br>P.O. Box 83720<br>Boise, ID 83720-0010 | ____ U.S. Mail<br>____ Hand Delivery<br>____ Certified Mail<br>____ Overnight Mail<br>____ Facsimile<br>_✓_ CM/ECF |
| Gary Allen<br>GIVENS PURSLEY<br>P.O. Box 2720<br>Boise, ID 83701-2720 | ____ U.S. Mail<br>____ Hand Delivery<br>____ Certified Mail<br>____ Overnight Mail<br>____ Facsimile<br>_✓_ CM/ECF |
| Harry Kresky<br>LAW OFFICES OF HARRY KRESKY<br>250 W. 57th Street, Suite 2017<br>New York, NY 10107<br>(212) 581-1516 | ____ U.S. Mail<br>____ Hand Delivery<br>____ Certified Mail<br>____ Overnight Mail<br>____ Facsimile<br>_✓_ CM/ECF |

_____
John Eric Sutton