**JOHN ERIC SUTTON**
**J.E. SUTTON & ASSOCIATES**
**200 N. 3rd St., Ste 2 & 3**
**Boise, Idaho 83701**
**Ph: (208) 336-4444**
**Fax: (208) 336-4494**

**Attorney for Plaintiff Idaho Republican Party**

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| **IDAHO REPUBLICAN PARTY, et.al.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **BEN YSURSA, In his Official Capacity as** ) <br> **Secretary of State of the State of Idaho,** ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:08-CV-00165-BLW <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

COME NOW PLAINTIFFS, by and through their attorney, John Eric Sutton, in accordance with Rule 7.2(d) of the Local Rules of the United States District Court for the District of Idaho, and submit the following Memorandum of Authorities in Support of Plaintiff's Motion for Summary Judgment.

**I.  INTRODUCTION**

The Idaho Republican Party has brought this lawsuit seeking a declaratory judgment that Idaho's Open Primary Law violates the Plaintiff's right of association under the First Amendment to the United States Constitution, and is therefore unconstitutional as applied to the Idaho Republican Party Primary. Plaintiffs request

issuance of a temporary, preliminary and permanent injunction against the State of Idaho and the Idaho Secretary of State, Ben Ysursa with respect to enforcement of the Idaho Open Primary Election Law as to all future Idaho Republican Party Primary elections, and temporary, preliminary and permanent injunctive relief mandating implementation of the Closed Republican Party Primary Rule. Pursuant to F.R.C.P. Rule 65(a), Plaintiffs request a preliminary injunction to enjoin the State of Idaho, acting through its Secretary of State, from applying Idaho's Open Primary Law to all future Idaho Republican Primary elections, and to affirmatively require the State of Idaho, acting through its Secretary of State, to implement the Rule adopted by the Idaho Republican Party mandating the restriction of participation in all future Idaho Republican Party Primary Elections to members of the Idaho Republican Party.

## II.   STATEMENT OF FACTS

On June 17, 2006, one year prior to the State Central Committee's adoption of the Closed Republican Party Primary Rule, the Idaho Republican Party held its State Convention. Pursuant to Article III, §4(b) of the Idaho Republican Party Rules of the Convention, the following Rule was proposed and passed by the Convention for presentation to the State Central Committee for final adoption.

> **"Article I Section 24:**
> **Party Registration Required to Vote in a Republican Primary Election.**
>
> "Primary elections in the Idaho Republican Party shall be open to all people who have registered as a Republican prior to the Primary election."
>
> The following Resolution was also adopted at the 2006 State Convention:
>
> **"Resolution to De-Regulate the Idaho Republican Party"**
>
> Whereas, the Idaho Republican Party is a private political party and not an agent for the state of Idaho; and

Whereas, the State of Idaho has passed certain laws to regulate and dictate to the Idaho Republican Party the rules for candidate selection and other matters; and

Whereas, the Idaho Republican Party believes the best way to achieve its' goals and objectives as represented by the Party Platform and Party Resolutions is to have as much self determination as possible and the least amount of state interference and regulation as practicable; and

Whereas, recent U.S. Supreme Court rulings provide that state regulation of private political parties deprives such parties and their members of the rights of free speech and free association guaranteed by the First and Fourteenth Amendments to the U.S. Constitution;

NOW THEREFORE, BE IT RESOLVED that the Idaho Republican Party petition the Governor of the State of Idaho and members of the Idaho legislature to repeal laws that regulate political parties and enact such laws that will provide for maximum self-determination, including, but not limited to methods of candidate selection, and access to Republican Party primary ballots.

BE IT FURTHER RESOLVED that the Idaho Republican Party should use all means available to provide for such maximum self-determination.

The following Platform Position was also adopted at the 2006 State Convention.

"**XXIV. CITIZEN INVOLVEMENT IN GOVERNMENT**

The Idaho Republican Party believes that Primary elections in the Idaho Republican Party should be open to all people who have registered as a Republican prior to the Primary election and that the Idaho Legislature should pass legislation that would provide for the same. To allow those who have no loyalty or allegiance to the Idaho Republican Party or its' Platform and Resolutions to select our candidates is simply not proper."

Two bills proposing revision to the conduct of the Idaho Primary election were introduced in the 2007 legislative session of the Idaho Legislature – House Bill 185 and Senate Bill 1244. A hearing was held in the State Affairs Committee on House Bill 185 but the bill was never brought to a vote in either the Committee or before the full House. No hearing was held on Senate Bill 1244 and therefore it was never brought to a vote in either Committee or before the full Senate.

On June 2, 2007, at its meeting in Burley, Idaho, the Idaho Republican Party State Central Committee adopted Section 4 of the following Rule, which requires persons to register as a Republican prior to the Primary Election in order to vote on an Idaho Republican Party ballot in that Primary Election. That rule, hereinafter referred to as the "Closed Republican Party Primary Rule" states (at §4):

> **"ARTICLE IX. CENTRAL COMMITTEE ENDORSEMENT AND REPUBLICAN PARTY REGISTRATION REQUIRED TO VOTE IN A REPUBLICAN PRIMARY ELECTION.**
>
> Section 1: County Central Committees may determine the political affiliation of candidates filing or declaring an intent to file as Republican candidates for county political offices and may endorse Republican candidates for their respective positions.
>
> Section 2: The Legislative District Central Committees may determine the political affiliation of candidates filing or declaring an intent to file as Republican Party Candidates for the State Legislature, and the Committee may endorse Republican candidates for legislative positions.
>
> Section 3: The State Central Committee may determine the political affiliation of candidates filing or declaring intent to file as Republican Party Candidates for state political offices and U.S. Congressional offices, and may endorse Republican Party candidates for the various positions. Endorsement of Congressional District Candidates shall be by voting members from the respective Congressional Districts.
>
> Section 4. Only persons who have registered as a Republican prior to the Primary Election will be allowed to vote on an Idaho Republican Party ballot in that Primary Election."[1] Rod Beck Affidavit, Exhibit A, page 21.

Section 4, hereinafter "the Closed Republican Party Primary Rule," directly conflicts with Idaho's Open Primary Election system. Idaho statutes require open primary elections and do not provide for voter party registration. Idaho Code § 34-904 provides for a single primary election ballot to be provided to all electors, whether or not

---

[1] The Idaho Republican Party Platform and Rules are posted on its official website located at www.idgop.org in the section titled, "About the GOP".

the elector is affiliated with any political party. Any elector can then choose which party candidates for whom they will cast a vote. That statute provides in pertinent part:

**"34-904. PRIMARY ELECTION BALLOTS.**

There shall be a single primary election ballot on which the complete ticket of each political party shall be printed; however, a county may use a separate ballot for the office of precinct committeeman. Each political ticket shall be separated from the others by a perforated line that will enable the elector to detach the ticket of the political party voted from those remaining…."

Three bills were introduced in the 2008 Idaho Legislature that dealt with the conduct of primary elections in Idaho. However, none of these bills were enacted into law.[2]

The Idaho Secretary of State is designated by Idaho statute as the Chief Election Officer of the state and pursuant to Idaho Code §34-740 is empowered to "adopt such rules and regulations as are necessary to facilitate the operation, accomplishment and purpose of the Idaho Elections law.

The First Amendment to the United States Constitution guarantees individuals the right to associate in a political party, the right of that party to select its nominees and to decide how its nominees will be selected, including the right of the party to limit participation in the process of selecting nominees to those voters the party identifies as sharing its interests and beliefs.

Idaho's Open Primary Election law permits any voter to vote in an Idaho Republican Primary Election. This law forces the Idaho Republican Party to select the party's nominees in a primary administered by the Idaho Secretary of State and appointed election officials under his jurisdiction who allow all registered voters, including members of the Idaho Democratic Party, Idaho Libertarian Party, Idaho

---
[2] S.B. 1258, S.B. 1506, and S.B. 1507.

Constitution Party, and independent voters to participate in the Idaho Republican Party Primary election. By operation of this law and acting under color of law, Idaho State election officials force the Idaho Republican Party to include supporters of other parties and political interests in the process of selecting its Republican Party nominees. No mechanism is provided under Idaho law for the Idaho Republican Party to exercise its right to limit participation in the nomination process to its own members, thereby protecting its members' right of association and preventing forced dilution and party raiding by other parties and independent voters.

The Idaho Republican Party has a right to freedom of association, guaranteed against abridgement by the State of Idaho and those acting under color of its laws by the First and Fourteenth Amendments to the United States Constitution. The right of a political party to select candidates to represent the Idaho Republican Party in Idaho public offices is a core constitutional freedom. Idaho law provides that the selection may be made through the primary election process under the supervision and control of the Idaho Secretary of State. Therefore, the use of that process by the Idaho Republican Party is a constitutionally protected activity.

Based on at least one authoritative study, two experts have concluded that differences in primary election laws that regulate candidate nomination affect the types of candidates elected in nonpresidential American elections.[3] Proponents of the Closed Republican Party Primary Rule perceived that the cross-over of non-Republicans voting for persons who would represent the Idaho Republican Party in a general election posed a direct and immediate threat to the integrity of the Party, and sought enactment

---

[3] *Gerber & Morton,* Primary Election Systems and Representation, Journal of Law, Economics & Organization, v. 14, N.2 p. 304 (Oxford Univ. Press 1998)

of the Rule by the Party as a means of stemming what they perceived as infiltration of non-party members into the Republican Party candidate selection process. Affidavit of Rod Beck.

Although it is readily apparent that there are important differences in the selection of candidates through an open primary versus a closed primary, the debate over these facts is immaterial to the issue presented in this case. The query begins and ends with the enactment of the Closed Republican Party Primary Rule by the Idaho Republican Party. The Idaho Republican Party made a policy decision to close its candidate selection process to all non-party members. The Party had the right and power to make that policy decision, and has a constitutionally protected right to have that decision enforced by this Court and carried out by the State of Idaho.

As a result of enactment of this Rule, an immediate and irreconcilable conflict has been created with Idaho's Open Primary Election laws. The State of Idaho's continued enforcement of the Idaho Open Elections Law with respect to the Idaho Republican Party Primary will unconstitutionally infringe upon the right of Republican party members to freely associate with their political party with respect to the selection of candidates for public office, and will cause immediate and irreparable harm to the Idaho Republican Party, its members, and all Idaho voters.

## III. ARGUMENT

**A. THE U.S. CONSTITUTION GUARANTEES THE REPUBLICAN PARTY'S RIGHT TO IDENTIFY PARTY MEMBERS AND TO LIMIT PARTICIPATION IN THE SELECTION OF ITS CANDIDATES TO ITS OWN PARTY MEMBERS.**

The Idaho Republican Party is a political party organized under the provisions of Idaho Code §34-501 et. seq. and governed by its State Central Committee and State Executive Committee in accordance with its Rules. The primary function of the state Republican Party is the nomination and election of Republican Party candidates at all levels of local, state and federal government, and the selection of candidates who support the goals and platform of the Idaho Republican party. The Idaho Republican Platform was created to declare the principles and beliefs revered by party members with the expectation that those persons elected to represent the Republican Party in government office would also revere and support those same principles.

The First Amendment protects the right of citizens 'to band together in promoting among the electorate candidates who espouse their political views.' *Clingman v. Beaver,* 544 U.S. 581, 586 (2005)

As Justice Marshall wrote in *Tashjian v. Republican Party of Conn.,* 479 U.S. 208 (1986):

> "The freedom of association protected by the First and Fourteenth Amendments includes partisan political organization. *Elrod v. Burns,* 427 U.S. 347, 357 (1976) (plurality opinion); *Buckley v. Valeo,* 424 U.S. 1, 15 (1976). "The right to associate with the political party of one's choice is an integral part of this basic constitutional freedom." *Kusper v. Pontikes, 414 U.S. 51, 57 (1973)"*

In California *Democratic Party et. al., v. Jones*, 530 U.S. 567, 573 (2000), the Supreme Court held that California's blanket primary violated a political party's First Amendment right of association. Justice Scalia wrote for the Court:

> "What we have not held, however, is that the processes by which political parties select their nominees are, as respondents would have it, wholly public affairs that States may freely regulate. To the contrary, we have continually stressed that when States regulate parties' internal processes they must act within limits imposed by the Constitution. See, e.g. *Eu v. San Francisco County Democratic*

*Central Comm.* 489 U.S. 214 (1989); *Democratic Party of United States v. Wisconsin ex.rel. La Follette*, 450 U.S. 107 (1981)"

Special constitutional protection is afforded to the right to limit participation in selection of a party's candidates for public office. The Court declared:

> "Representative democracy in any populous unit of governance is unimaginable without the ability of citizens to band together in promoting among the electorate candidates who espouse their political views. The formation of national political parties was almost concurrent with the formation of the Republic itself… Consistent with this tradition, the Court has recognized that the First Amendment protects "the freedom to join together in furtherance of common political beliefs, *Tashjian v. Republican Party of Conn.,* 479 U.S. 208, at 214-215, (1986) which "necessarily presupposes ***the freedom to identify the people who constitute the association, and to limit the association to those people only***," La Follette, 450 U.S. at 122. That is to say, a corollary of the right to associate is the right not to associate. "Freedom of association would prove an empty guarantee if associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being. Id., at 122….In no area is the political association's right to exclude more important than in the process of selecting its nominee." Id., at 574-575. (emphasis added)

Thus, the Court concluded:

> "Unsurprisingly, our cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party "selects a standard bearer who best represents the party's ideologies and preferences." Id. at 575.

**B. STATE LAWS REGULATING THE CONDUCT OF PRIMARY ELECTIONS MUST BE NARROWLY TAILORED TO SERVE A COMPELLING STATE INTEREST.**

In evaluating a constitutional challenge to an election law, this Court is guided by the analytical framework established in *Anderson v. Celebrezze,* 460 U.S. 780, 789-790 (1983).

> "Constitutional challenges to specific provisions of a State's election laws therefore cannot be resolved by any "litmus-paper test" that will separate valid from invalid restrictions….Instead, a court must resolve such a challenge by an analytical process that parallels its work in ordinary litigation. It must first consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate. It then

must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule. In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests, it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights. Only after weighing all these factors is the reviewing court in a position to decide whether the challenged provision is unconstitutional."

**1. Idaho's Open Primary Law imposes a severe burden and substantial impairment of the Plaintiffs' core constitutional activity.**

The independent expression of the views of a political party and its members is 'core' First Amendment activity. The government, structure and activities of political parties enjoy constitutional protection. *Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 358 (1997)

The Court has held that a state government's requirement of an open primary is a substantial burden on the First Amendment right to freedom of association when that requirement conflicts with the rules of the political party. Thus, in *LaFollette*, *supra,* Wisconsin's open primary law conflicted with a Democratic Party rule that delegates to its National Convention be chosen through procedures in which only Democrats could participate. The Supreme Court held that Wisconsin's state interests in conducting open primaries could not justify that 'substantial intrusion into the association freedom of members of the Democratic Party.' 450 U.S., at 126.

Nor can other compelling state interests be cited to justify this intrusion. In *Jones, supra,* the Supreme Court concluded not only that a forced open primary constituted a severe burden on the political party's conduct of its primary election, but soundly rejected all seven 'compelling state interest' arguments proferred by the State of California as justifying the imposition of a blanket primary on the party.

**2. No compelling state interests exist that would require Idaho to retain an open Republican primary.**

Although "the States have a major role to play in structuring and monitoring the election process, including primaries," *Jones,* 530 U.S. at 572, state interests must be balanced against the constitutional rights of political parties. States have an interest in ensuring that elections are fair and honest and conducted in an orderly fashion. But those interests can clearly be served under either an open or close primary system.

Only nine states currently have 'open' primaries.[4] Twenty-nine states have primaries that are closed or 'semi-closed'.[5]

"Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest." *Timmons, supra, at 358.* The State of Idaho has the burden to prove that retention of a Republican open primary that directly conflicts with and invalidates both the Resolution and Closed Primary Rule enacted by the Idaho Republican Party advances a compelling state interest. *First National Bank v. Bellotti,* 435 U.S. 765, 786 (1978); *Montana Chamber of Commerce v. Argenbright,* 226 F.3d 1049, 1057-1058 (9th Cir. 2000), and that the existing Idaho Open Primary Election law 'is narrowly drawn to achieve that end." *Boss v. Berry,* 485 U.S. 312, 321 (1988).

The State's asserted interest "must be genuine, not hypothesized or invented post hoc in response to litigation." *United States v. Virginia,* 518 U.S. 515, 533 (1996). Moreover, even if the State could establish a compelling interest, an election law is not narrowly tailored if an alternative exists that would adequately serve the interests protected by the law, while imposing a less severe burden upon the parties' constitutional rights. *Jones,* 530 U.S. at 585-586. It is important to note that the Idaho

---

[4] Hawaii, Idaho, Michigan, Minnesota, Montana, North Dakota, Vermont, Wisconsin and Missouri.
[5] Alaska, Arizona, California, Colorado, Connecticut, Delaware, Florida, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, West Virginia, and Wyoming.

Memorandum of Authorities in Support of
Plaintiffs' Motion for Summary Judgment     11

Republican Party has not attempted by enactment of this Rule to alter the method by which other political parties select their nominees for public office. The Closed Republican Party Primary Rule affects only the Republican Party and its members.

**C. IDAHO'S OPEN PRIMARY LAW SEVERELY BURDENS THE PLAINTIFFS' CONSTITUTIONAL RIGHT TO FREEDOM OF ASSOCIATION.**

By forcing the Idaho Republican Party to disregard its own rule and keep its primary election open to non-party members, including members of the Democratic Party, the State of Idaho will impose the heaviest conceivable burden upon the Idaho Republican Party's exercise of its Constitutional right of freedom of association. *See Jones, supra, at* 582. "We can think of no heavier burden on a political party's associational freedom."

Whether a burden on a party's associational rights is 'severe' can be determined as a question of law. *Eu v. San Francisco Democratic Central Committee,* 489 U.S. 214, 220 (1989)

**D. THE PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF**

**1. The Idaho Republican Party has standing and its claims are justiciable.**

Justiciability requires that litigants have standing and that the case is ripe for judicial intervention. *Renne v. Geary,* 501 U.S. 312, 320 (1991) The Supreme Court set out the elements of standing in *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992):

> "…the irreducible constitutional minimum of standing contains three elements. First, the Plaintiff must have suffered an 'injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be

'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision."

The Idaho Republican Party is the real party in interest in this case. It has and continues to suffer actual injury to its constitutional rights by reason of the State's refusal to implement the Republican Party Closed Primary Rule. In its decisions that discussed a political party's right to select its own political candidates, the U.S. Supreme Court has consistently ascribed that right to the political party. Thus, in *Eu v. San Francisco Democratic Central Committee, supra, at 222,* the Court noted:

> "It is well settled that partisan political organizations enjoy freedom of association protected by the First and Fourteenth Amendments. Freedom of association means not only that an individual voter has the right to associate with the political party of her choice, but also that a political party has a right to 'identify the people who constitute the association' and to select a 'standard bearer who best represents the party's ideologies and preferences.'"

A political party has appeared in virtually all of the cases that have addressed the constitutional right of freedom of association with regard to selection of political candidates.[6]

It should also be noted that in its defense against the suit brought by individual members of the Idaho Republican Party seeking this same relief, the State of Idaho took the position that the Idaho Republican Party had standing to raise this issue. The State of Idaho noted:

> "In sum, it is the Idaho Republican Party, not individual members, that holds the right to challenge the effect of Idaho's open primary system upon the Party's right to select its candidates….Thus, it is the Party's prerogative to decide how to proceed in enforcing their Rules with regard to primary elections." *Beck v. Ysursa, Case No. 1:07-CV-00299-MHW, Docket No. 5-2, pg. 11*

---

[6] *See, e.g., California Democratic Party v. Jones,* 530 U.S. 567 (2000); *Eu v. San Francisco County Democratic Central Committee, 489 U.S.214 (1989); Democratic Party of the United States v. Wisconsin, 450 U.S. 107 (1981); Tashjian v. Republican Party of Connecticut, 479 U.S. 208 (1986); Timmons v. Twin Cities Area New Party, 520 U.S. 351 (1997); Washington State Grange v. Washington State Republican Party, No. 06-713 (2008)*

The Idaho Republican Party has adopted the Closed Republican Primary Rule which is unquestionably in direct conflict with the existing Idaho Open Primary law. The continued enforcement of the Open Primary Law and failure to implement the Closed Republican Primary Rule infringes upon the Republican Party's right to dictate how its candidates will be selected in its primary, and its ability to associate with its own members in selecting those candidates. This is a concrete and particularized invasion of a legally protected interest. It is actual and not hypothetical since every time a primary election is held in Idaho, the Plaintiffs' Constitutional right to freely associate with its own members is implicated.

The injury is also fairly traceable to the continued enforcement of Idaho's Open Primary law. The Idaho Republican Party cannot implement the election law change required to conform to the rule adopted by the Party. The Idaho Code provides that only the State of Idaho acting through its Secretary of State can implement this change because the State of Idaho conducts all voter registration and administration of primary elections.

The third element of standing is also present. Declaratory and injunctive relief mandating the implementation of the Closed Republican Primary Rule will immediately and completely eliminate the infringement on Plaintiff's First Amendment rights.

**2. The time required to implement the rule change creates an urgent need for immediate action.**

Because of the time required to implement the relief to which the Plaintiffs are entitled, immediate injunctive relief is required. Although the next primary election will be held in May 2010, the Idaho legislature must be given the opportunity to address and resolve this Constitutional conflict in the 2009 legislative session. Only then would the

Idaho Secretary of State have sufficient time to implement the rule change administratively within his office and with election officials throughout the state. That work will involve revision of voter registration cards to include a check box for Republican Party membership and similar revision of absentee ballots and polling place voter registration sheets.

**3. Plaintiffs are highly likely to succeed on the merits.**

To obtain injunctive relief, the Plaintiffs must show either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that there are serious questions as to the merits and the balance of hardships tips in their favor.

See *Price v. City of Stockton,* 390 F.3d 1105, 1109 (9th Cir. 2004); *Clear Channel Outdoor Inc. v. City of Los Angeles,* 340 F.3d 810, 813 (9th Cir. 2003) These two alternatives are not separate tests, but rather 'extremes of a single continuum." *Clear Channel,* 340 F.3d at 813. Therefore, if Plaintiffs demonstrate a strong likelihood of success on the merits, they need only make a minimal showing of harm. *See Idaho ex.rel. Kempthorne v. U.S. Forest Service,* 142 F.Supp.2d 1248, 1264 (D. Idaho 2001).

The Plaintiffs here easily satisfy both tests. The Idaho Republican Party has enacted a Closed Republican Primary Rule that mandates restriction of participation in its Idaho Republican Party Primary to party members. The U.S. Supreme Court has repeatedly affirmed as a core constitutionally protected First Amendment right, a political party's control over the selection of its candidates for public office. As clearly enunciated in *Jones, supra,* there is no compelling countervailing state interest that requires maintenance of an open primary in the face of a directly conflicting party rule.

When a plaintiff's constitutional rights are violated, there is a presumption of

irreparable harm. *Coeur D'Alene Tribe v. Hammond,* 224 F.Supp.2d 1264, 1267 (D. Idaho 2002) It is well-established that the loss of constitutional "freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm. *Elrod v. Burns,* 427 U.S. 347, 373 (1976) (citation omitted)

## CONCLUSION

For the foregoing reasons, this Court should immediately declare that Idaho's Open Primary Law is unconstitutional as applied to the Idaho Republican Party. Based upon the substantial, immediate and severe nature of the infringement of the Plaintiff's constitutional rights, the likelihood of irreparable harm and the absence of any compelling state interests that justify and necessitate continued infringement of those rights, this Court should grant permanent injunctive relief as prayed for in the Complaint.

Dated: October 23, 2008                                             J.E. SUTTON & ASSOCIATES


_____/S/_____
John Eric Sutton
Attorney for Plaintiff
Idaho Republican Party