LAWRENCE G. WASDEN
ATTORNEY GENERAL

BRIAN KANE (ISB No. 6264)
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN (ISB No. 3586)
Chief of Civil Litigation Division

MICHAEL S. GILMORE (ISB No. 1625)
KARIN D. JONES (ISB No. 6846)
Deputy Attorneys General
Civil Litigation Division
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-4130
Fax:  (208) 854-8073
mike.gilmore@ag.idaho.gov
karin.jones@ag.idaho.gov
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| THE IDAHO REPUBLICAN PARTY, its EXECUTIVE COMMITTEE, its STATE CENTRAL COMMITTEE, and CHAIRMAN, EXECUTIVE DIRECTOR; SIDNEY C. SMITH,<br><br>              Plaintiffs,<br><br>vs.<br><br>BEN YSURSA, In his Official Capacity as Secretary of State of the State of Idaho,<br><br>              Defendant. | )<br>)<br>)  Case No. 1:08-CV-00165-BLW<br>)<br>)  **STIPULATION AND MOTION OF**<br>)  **THE PARTIES**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  COME NOW Plaintiffs, Defendant and Intervenors, by and through their counsel of record, who stipulate and move the Court as follows:

/ / /

/ / /

STIPULATION AND MOTION OF THE PARTIES - 1

**STIPULATION**

1.   This trial will be a bench trial. The parties to this stipulation agree that the Court should be given the expert and mixed fact/expert evidence to decide the issues before it in a manner that will promote judicial efficiency and economy.

2.   The parties to this stipulation agree that it is not necessary for the Court to perform a pre-trial *Daubert* gatekeeper function to prevent the finder of fact (the Court itself) from being tainted by potentially objectionable expert or mixed fact/expert testimony and exhibits (the materials that the Court itself would have to consider in *Daubert* motions). Further, it is more efficient for the Court to take up the expert or mixed fact/expert presentations only once—at trial—and not twice—in *Daubert* motions and at trial.

3.   The parties to this stipulation will present the following persons as expert witnesses: Dr. Michael C. Munger (Plaintiff) and Drs. Andrew D. Martin and Kyle L. Saunders (Defendant). Their expert reports provide a more detailed explanation for their expert opinions than the normal Q and A of direct examination and the attendant imprecision of oral communication. Their expert reports can be made available as exhibits before trial so that the Court will be able to familiarize itself with the experts' opinions more efficiently and expeditiously than being first presented with the experts' opinions orally at trial.

4.   In addition, Plaintiff may present some or all of the following persons as mixed fact and/or opinion witnesses: Bob Moore, Norm Semanko, Jonathan Parker, Rod Beck, Laird Maxwell, Pete Neilsen, Lou Esposito, Steve Adams, Lenore Barrett, Curtis

STIPULATION AND MOTION OF THE PARTIES - 2

Bowers, Darrell Deide, Henry Kulcyk, Dennis Mansfield, David Ripley, and Greg Vance. Defendant may contend that one or more of these witnesses are not qualified to provide opinion testimony. However, Defendant is of the view that the most efficient way for him to oppose any opinion testimony by these witnesses is not by pre-trial motion but by objection and/or cross-examination at trial.

## MOTION

5.   Accordingly, the movants stipulate to and move the Court to adopt the following procedures for expert witnesses and mixed fact/expert witnesses in this case:

A.   No *Daubert* motions will be brought before trial. No party loses the right to make *Daubert* objections at trial for failure to bring a *Daubert* motion before trial.

B.   The parties may file their expert reports as trial exhibits and may refer to those expert reports/trial exhibits during direct examination and cross-examination of the experts. All issues of admissibility of those reports and of the testimony supporting those reports will be deferred until after the close of introduction of evidence at trial.

C.   The parties may engage in "*Daubert*-like" cross-examination during trial regarding whether, in the words of Federal Rule of Evidence 702, the expert testimony "is based upon sufficient data or facts, … is the product of reliable principles and methods, and … has applied the principles and methods reliably to the facts."

D.   Upon the request of defendant or defendant-intervenors, plaintiff shall produce the witnesses listed in paragraph 4 of this Stipulation for deposition. At the deposition, the witnesses' direct testimony shall consist of the affidavit previously provided and will be marked as Exhibit 1. Defendants shall then proceed to cross

STIPULATION AND MOTION OF THE PARTIES - 3

examine each witness. At trial, the plaintiff may introduce the testimony of any or all of such witnesses either live or by deposition. If introduced by deposition, the disposition and exhibit will be presented at trial in lieu of the witness appearing. Defendants reserve the right to object to the admission into evidence of all or a part of the deposition and exhibit on any grounds other than the fact that the deposition and exhibit are being presented instead of a live witness.

DATED this 29th day of July, 2010.

/s/
Christ T. Troupis
Attorney for Plaintiff

/s/
Michael S. Gilmore
Deputy Attorney General
Attorney for Defendant

/s/
Garry Allen
Attorney for Intervenors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 29th day of July, 2010, I electronically filed the foregoing Document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

J E SUTTON & ASSOCIATES
Email: jesutton@jesutton.com

Gary Allen
GIVENS PURSLEY
garyallen@givenspursley.com

Christ T. Troupis
TROUPIS LAW OFFICE P.A.
ctroupis@troupislaw.com

Harry Kresky
LAW OFFICE OF HARRY KRESKY
harrykres@aol.com

/s/
Michael S. Gilmore
Deputy Attorney General

STIPULATION AND MOTION OF THE PARTIES - 4