CHRIST T. TROUPIS
TROUPIS LAW OFFICE P.A.
1299 E. Iron Eagle, Ste 130
P.O. Box 2408
Eagle, Idaho 83616
Ph: (208) 938-5584
Fax: (208) 938-5482
Email: ctroupis@troupislaw.com

JOHN ERIC SUTTON
J.E. SUTTON & ASSOCIATES
200 N. 3rd St., Ste 2 & 3
Boise, Idaho 83701
Ph: (208) 336-4444
Fax: (208) 336-4494
Email: jesutton@jesutton.com

Attorneys for Plaintiff Idaho Republican Party

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO REPUBLICAN PARTY, et.al., <br><br> Plaintiffs, <br><br> vs. <br><br> BEN YSURSA, In his Official Capacity as Secretary of State of the State of Idaho, <br><br> Defendant. | Case No. 1:08-CV-00165-BLW <br><br> PLAINTIFFS' TRIAL MEMORANDUM |

Plaintiffs the Idaho Republican Party and Norm Semanko hereby file their Trial Memorandum pursuant to Paragraph 9 of the Second Case Management Order, Dkt. 47, p. 4.

### A. Resolution of Factual Issues.

This Court has previously denied cross-motions for summary judgment brought by both parties, reasoning that "based on the current record before the Court, genuine issues of material fact remain – mainly whether and to what extent "cross over" voting exists in Idaho, and whether and to what extent the threat of such "cross over" voting affects the message of IRP and its candidates." Memorandum Decision and Order, Dkt. 43, p. 15.

**B. Evidence to be presented.**

The Plaintiffs will introduce the following evidence to establish the existence and extent of cross over voting in the Idaho Republican Primary Elections, and the effects of cross over voting on the Idaho Republican Party and Republican Party candidates.

1. Plaintiffs commissioned a voter survey which was conducted on January 6-7 by Moore Information Opinion Research. Moore polled 400 Idaho voters who voted in the 2008 Idaho primary election. The poll established that a significant number of non-GOP voters in Idaho have voted in GOP primaries. The poll found that almost four in ten (39%) of non-GOP voters say they usually vote for Republicans in primary elections. Non-GOP voters hold views widely divergent from GOP voters on a variety of issues, including abortion, health care reform, federal government involvement in the state, timber harvest levels, gun control, illegal aliens and funding of public schools.

2. Data from 11 state and federal legislative primary races was reviewed and analyzed by David Ripley. That data showed evidence of "fall off" or "bullet balloting" in each of the primary races that indicated the presence of cross over voting. The margin of victory in some of these races was close enough that this cross over could have altered the outcome of the election.

3. Affidavits from ten (10) witnesses will be presented that describe the existence and extent of cross over voting in several primary election races; the concerted efforts of Democratic Party organizers and supporters to encourage cross over voting, and a well-orchestrated cross-over voter campaign by the Idaho Education Association over five primary election cycles that resulted in the election of moderate Republicans over their conservative opponents.

4. Plaintiffs will introduce the testimony and expert report of Dr. Michael C. Munger, Ph.D., Professor of Political Science and Economics at Duke University. He reviewed the evidence referred to above as well as the scholarly research on cross over voting throughout the United States. He will testify that cross over voting exists in Idaho and adversely affects the strength of the party organization and its ability to deliver its political message.

**C. Defendant's Evidence.**

The State has retained two expert witnesses who reviewed the Moore Information voter survey, David Ripley's analysis of voter and election data, and Dr. Munger's expert report. The State's experts criticized each of these reports. However, the State's own expert report includes the following admissions:

1. The State has not conducted any study, survey or poll of its own of Idaho voters in order to refute any of the findings and conclusions of the Moore voter survey, the Ripley data analysis, or Dr. Munger's expert conclusions regarding the presence and extent of cross over voting within the Idaho Republican primary. Moreover, the State has admitted that no other study, survey, or poll exists that would contradict the

findings and conclusions of the Moore survey, David Ripley's analysis, or Dr. Munger's expert conclusions.

2. The State has conceded that cross over voting does exist in the Idaho Republican primary and has existed in it since its inception. Defendant's Exhibit 2105, Exh. E, p. 16.

3. The State has admitted that on average, 10% of partisan voters cross over to vote in the opposing party's primary election. This figure excludes all independent voters, including only those persons who identify themselves as aligned with the opposing party. Defendant's Exhibit 2105, Exh. E, p. 15.

4. The State's experts have admitted that when independent voters are added to the total of 'cross over' voters, that the actual percentage is closer to 18% - 20%.

5. The State's experts have admitted that "Inside the Idaho open primary system, especially in a one party state like Idaho where the Republican party primaries are in most cases the 'only game in town', voters do likely cross over; they have to in order to have any meaningful influence in elections and express their sincere preferences with regard to their own representation, just as voters did in the one party Democratic south a generation ago." Defendant's Exhibit 2105, Exh. E, p. 11.

6. The State's experts have admitted that the "sincere preferences" these voters are expressing are not the candidate they actually support, but a candidate from the other party who will probably or certainly win. They are actually voting strategically as "hedge" or "impact" voters. "Hedge voting" occurs when crossover voting is motivated by the fact that the voter is faced with a situation in her party where the winner is certain, either due to incumbency or to a very strong candidate in that party. The voter

thus crosses over to vote in the other party's primary, since that primary is more competitive and thus the voter's ballot might have a greater influence in that race than her own party's race. "Impact voting" occurs in one-party districts when a voter from the minority party casts a ballot in the dominant party primary because she is certain that the nominee of the dominant party will win the general election and thus wants her vote to have some influence or impact on which dominant party candidate will win the general election and represent her own interests." Defendant's Exhibit 2105, Exh. E, p. 10.

7. The State's experts have admitted that "It is safe to say, in Idaho's one party context, crossover voting may be a bad thing for Party Organizations and ideologically extreme candidates." Defendant's Exhibit 2105, Exh. E, p. 16.

8. The State's experts have admitted that closing the Idaho primary would strengthen the Idaho Republican Party Organization in its ability to exercise party discipline and establish agendas and platforms. Defendant's Exhibit 2105, Exh. C, p. 9.

**C. Applicable Law.**

The parties have extensively briefed the First Amendment Freedom of Association issues in this case. Under existing Supreme Court case law, the Idaho Republican Party has a constitutionally protected First Amendment right to determine how it will select its candidates for public office. It has a constitutionally protected First Amendment right to choose to associate only with registered Republicans in that process. Plaintiffs will not repeat those arguments or citations to case law here, although we reserve the right to provide additional case authority and argument at the conclusion of the evidentiary hearing.

## CONCLUSION

This Court asked the parties to present evidence that crossover voting exists in Idaho and that it detrimentally affects the Idaho Republican Party's political activities, triggering its entitlement to constitutional protection of its First Amendment rights. The State has conceded that crossover voting does exist in the Idaho Republican primary. All of the extant scholarly research on the issue concurs that in an open primary state, on the average, 10% of partisan voters cross over to participate in the opposing party's primaries. The State has no evidence to suggest that this number is smaller in the State of Idaho, and in fact, because they have concluded that it is a one-party state in which hedge and impact voting are more prevalent, the crossover numbers are probably higher. This percentage does not include independent voters because the State contends they are not 'cross over' voters, even though the Idaho Republican Party has chosen to associate only with registered Republican voters.

Given these concessions, and the absence of any evidence to the contrary, the additional anecdotal evidence and expert testimony submitted by the Idaho Republican Party are sufficient to establish its right to the relief requested.

Dated: September 14, 2010                         TROUPIS LAW OFFICE, P.A.

By _____
Christ Troupis
Attorney for Plaintiffs
Idaho Republican Party
and Norm Semanko

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of September, 2010, I electronically filed the foregoing Reply Memorandum in Support of Plaintiff's Trial Memorandum with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Gary Allen
Givens Pursley
P.O. Box 2720
Boise, Idaho 83701-2720
garyallen@givenspursley.com

Harry Kresky
LAW OFFICE OF HARRY KRESKY
250 W. 57th Street, Ste 2017
New York, NY 10107
harrykresky@aol.com

Michael S. Gilmore
Clay Smith
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, Second Level
P.O. Box 83720
Boise, ID 83720-0010
mike.gilmore@ag.idaho.gov
clay.smith@ag.idaho.gov

